1   JACK S. SHOLKOFF, CA Bar No. 145097
     jack.sholkoff@ogletreedeakins.com
2   VICKY H. LIN, CA Bar No. 253767
     vicky.lin@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
     400 South Hope Street, Suite 1200
4   Los Angeles, CA  90071
     Telephone:  213.239.9800
5   Facsimile:   213.239.9045

6   Attorneys for Defendants
     Newegg Inc. (erroneously named as Newegg, Inc.)  and
7   Magnell Associate Inc. (erroneously named as Magnell Associate, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHANG-JUN LI, an individual, and<br><br>        Plaintiff,<br><br>     v.<br><br>MAGNELL ASSOCIATE, INC., a California corporation, NEWEGG, INC., a California corporation, and DOES 1 -50, inclusive<br><br>        Defendants. | Case No. CV13- 00400 GAF (RZx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br>[28 U.S.C. § 1331 - Federal Question Jurisdiction]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Certificate of Interested Parties; and Declaration of Annette Kazmerski] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Newegg Inc. and Magnell Associate Inc. ("Defendants"), by and through undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1331 and 1441, on the ground that Plaintiff Chang-Jun Li's ("Plaintiff") claims arise under the laws of the United States.  In support of such removal, Defendants states as follows:

<div align="center"><b>The State Court Action</b></div>

1. Plaintiff filed this civil action in the Superior Court for the County of Los Angeles on or about December 17, 2012 ("Action").  The Action was assigned Case Number BC497609.  Plaintiff served Defendants on December 20, 2012.  Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint.  *See* Declaration of Annette Kazmerski ("Kazmerski Decl."), ¶ 2.

2. Pursuant to 28 U.S.C. § 1446(b), Defendants timely removed this action within thirty (30) days after the Defendants was served with the Summons and Complaint in the state court action.

<div align="center"><b>Removal of the Complaint is Proper on the Basis of Federal Question</b></div>

3. The Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one that may be removed by Defendants pursuant to 28 U.S.C. § 1441.

4. The Complaint asserts four causes of action against Defendants for: (1) violation of the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. §§ 12101 – 12212; (2) disability discrimination pursuant to Cal. Gov. Code § 12940(a); (3) failure to accommodate pursuant to Cal. Gov. § 12940(m); and (4) failure to

<div align="center">DEFENDANTS' NOTICE OF REMOVAL</div>

1 engage in the interactive process pursuant to Cal. Gov. Code § 12940(n).

2      5.    Plaintiff's first cause of action for violation of the ADA is removable to

3 this Court under federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(b).

4 Plaintiff's second, third, and fourth causes of action based on violations of California

5 Government Code are based on the same factual allegations supporting the federal

6 claim and are part of the same case or controversy. Accordingly, pursuant to 28

7 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law

8 claims.

9 <div align="center">**Venue is Proper**</div>

10      6.    In accordance with 28 U.S.C. § 1441(a), this notice of removal is filed

11 in the district court of the United States in which the action is pending. The Superior

12 Court for the County of Los Angeles is located within the Central District of

13 California, Western Division. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in

14 this Court because it is the district and division embracing the place where such

15 action is pending. 28 U.S.C. § 1441(a).

16 <div align="center">**Conclusion**</div>

17      7.    In the event this Court has a question regarding the propriety of this

18 Notice of Removal, Defendants request that it issue an Order to Show Cause so that

19 Defendants may have an opportunity to more fully brief the Court on the basis for

20 this removal.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1       8.     Accordingly, Defendants Newegg Inc. and Magnell Associate Inc.

2   remove the above-entitled action to this Court.

3

4

5   DATED:  January 17, 2013                OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.
6

7

8                                           By: _____
                                                Jack S. Sholkoff
9                                               Vicky H. Lin

10                                          Attorneys for Defendants
                                            NEWEGG INC. and MAGNELL
11                                          ASSOCIATE INC.

12

13

14

15
    14180042.2 (OGLETREE)
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

14180042_2.DOC

**EXHIBIT A**

SERVED 12/20/12

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 17 2012

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

MAGNELL ASSOCIATE, INC., a California corporation,
NEWEGG, INC., a California corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CHANG-JUN LI, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Stanley Mosk Courthouse
(El nombre y dirección de la corte es):

111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
(Número del Caso):
BC497609

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ray Hsu, Esq., 10 W. Bay State Street, No. 775, Alhambra, CA 91802, (626) 600-1086

DATE: _____ John A. Clarke    Clerk, by _____ Amber Hayes , Deputy
(Fecha)                        (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

DEC 17 2012

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Q1745
A6037

1 RAY HSU (SBN 276412)
2 Law Offices of Ray Hsu
  10 W. Bay State Street, No. 775
3 Alhambra, CA 91802
  Telephone: 626-600-1086
4 Facsimile: 877-771-3407
  Email: labor@rayhsulaw.com
5
  Attorney for Plaintiff
6 CHANG-JUN LI

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 17 2012

JOHN A. CLARKE, CLERK

BY AMBER HAYES, DEPUTY

D42 Holy Kendig

7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF LOS ANGELES
10                 UNLIMITED CIVIL JURISDICTION
11
                                            B C 4 9 7 6 0 9
12                                    )
13 CHANG-JUN LI, an individual, and    )   Case No._____
                                       )
14                                     )   **VERIFIED COMPLAINT FOR**
                                       )   **DAMAGES**
15                     Plaintiff,      )
                                       )   (1) Violations of Americans with
16                                     )       Disabilities Act, 42 U.S.C. §§
            vs.                        )       12101-12213
17                                     )   (2) Disability Discrimination, Cal.
                                       )       Gov. Code §12940(a)
18 MAGNELL ASSOCIATE, INC., a California )  (3) Failure to Accommodate, Cal. Gov.
   corporation,                        )       Code §12940(m)
19 NEWEGG, INC., a California corporation, and )  (4) Failure to Engage in Interactive
   DOES 1-50, inclusive,              )        Process, Cal. Gov. Code §12940(n)
20                                     )
21                     Defendants.     )   **Unlimited Civil Case**
                                       )
22                                     )   **JURY TRIAL DEMANDED**
                                       )
23                                     )
                                       )
24                                     )

25   Plaintiff Chang-Jun Li ("Li" or "Plaintiff Li") for his Complaint against Defendants,

26 MAGNELL ASSOCIATE, INC. ("MAGNELL" or "Defendant Magnell"), NEWEGG, INC.

27 ("NEWEGG" or "Defendant Newegg"), and DOES 1-50, inclusive, alleges on knowledge with

28 respect to his own acts and on information and belief with respect to all other matters.

## INTRODUCTORY STATEMENT

1.    This action is brought by Plaintiff Chang-Jun Li, who was subjected to outrageous disability discrimination, discrimination by association with his wife for her disability, and failure to accommodate disability in the County of Los Angeles, California.  Plaintiff states claims for disability discrimination, failure to accommodate, and failure to engage in good faith interactive process under the American with Disabilities Act, 42 U.S.C. §§ 12101-12213, and California Fair Employment & Housing Act (Cal. Gov. Code § 12940 *et seq.*).

## JURISDICTION AND VENUE

2.    Jurisdiction and venue are appropriate in this Court because the injury caused by Defendants occurred in the County of Los Angeles. (See Code Civ.Proc., § 395, subd. (a).).  Plaintiff allege that they have been injured in excess of $25,000.

## PARTIES

3.    Plaintiff Chang-Jun Li is a former employee of Defendants and is a resident of Los Angeles County.

4.    Defendants Newegg, Inc., Magnell Associates, Inc., DOES 1-50, inclusive, and, are the owners, operators and/or joint ventures in the operation, maintenance, upkeep, staffing, supervision, and training of warehouse facilities servicing the county of Los Angeles.  Defendants have the authority to engage, suffer, and permit Plaintiff to work and the company documents showed that Defendants are joint employers for Plaintiff.

5.   Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1 through 50, and for that reason has sued them by their fictitious names. Plaintiff alleges that each of these fictitiously named Defendants is responsible in some manner for some or all of the acts alleged herein.  Plaintiff will seek leave from the Court to amend this Complaint when the true names and capacities of the fictitiously-named defendants have been ascertained.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.   Plaintiff Chang-Jun Li started to work for Defendants as a warehouse worker on October 17, 2005 at the Defendants' warehouses in the Los Angeles County.

7.   Defendants employed more than five hundred employees in the county of Los Angeles.

8.   Mr. Li's duties included moving boxes of merchandises, and examining the content and packing list for returned merchandise from customers.

9.   Plaintiff's performance was satisfactory to Defendants throughout Plaintiff's employment and Plaintiff never received any disciplinary actions by Defendants.

10.   From January 2006 to May 2006, Mr. Li suffered work-related and cumulative injuries while he was lifting and moving boxes, Plaintiff hurt his both shoulders and wrists which resulted in permanent disabilities, including but not limited to, 1) cervical sprain and strain, 2) chronic left C7 radiculopathy, 3) bilateral carpal tunnel syndrome, 4) left ulnar nerve neuropathy at the writs, and 5) bilateral shoulder sprain and strain.

3
**VERIFIED COMPLAINT FOR DAMAGES**

11.     Defendants were reluctant to provide the policy number of their workers'
compensation insurance and started to accuse Plaintiff for miscellaneous misconduct
at work. Plaintiff started to experience stress and anxiety and he was subsequently
examined by psychologist, Matthew Maibaum, M.D. as "temporarily, totally
psychologically disabled" on June 15, 2006.

12.     Plaintiff then retained the Law Offices of Telleria & Telleria LLP to proceed with his
workers' compensation claims. Plaintiff secured an Order Approving Compromise &
Release from the California Workers' Compensation Appeals Board. Plaintiff's
workers' compensation leave started from May 18, 2006

13.     In 2008, Plaintiff's physician informed Plaintiff that he could return to work if he
wants to under the workers compensation program. Plaintiff contacted Human
Resource Manager, Vincent Chou, about his request to go back to work. For the
entire year 2009, Mr. Chou always kept telling Plaintiff to wait. Plaintiff diligently
called and requested to return to work, but each of the requests was given by Mr.
Chou to wait for further notices.

14.     Plaintiff did not know that Defendant had actual intent to terminate Plaintiff. In
February 2010, Mr. Chou asked Plaintiff to submit Return to Work Certification by
the doctor. Plaintiff promptly submitted his certification on February 15, 2010.

15.     Mr. Chou, however, contacted Plaintiff that Defendants will not accept the
certification from workers' compensation neutral doctor. Mr. Chou asked Plaintiff to
provide the certification from his primary physician. Plaintiff then submitted another
Return to Work Certification signed by his primary physician later.

4
**VERIFIED COMPLAINT FOR DAMAGES**

16. On April 6, 2010, Plaintiff received a letter sent by Defendants, and each of them, regarding the end of workers' compensation leave. Mr. Chou also called Plaintiff that Plaintiff's certification is unacceptable because of the medical restrictions. Mr. Chou then told Plaintiff to put Plaintiff on suspension without pay. Mr. Chou further informed Plaintiff that he could only work for Defendants if he completely recovered from his permanent disabilities.

17. Plaintiff then asked Mr. Chou that it would be impossible for him or any person to recover from permanent disabilities. Mr. Chou ignored Plaintiff and asked Plaintiff to resubmit the Return to Work Certification.

18. Plaintiff then resubmitted the certification on May 3, 2010. Plaintiff called Mr. Chou to confirm receipt of the certification.

19. Eventually, Defendants' manager, Kyle Li and Vincent Chou denied Plaintiff Li's request to reinstatement to her previous position due to doctor's restrictions on July 8, 2010. Defendants told Plaintiff Li that he could not return to work, and maintained that Plaintiff needs to completely recover in order to be reinstated.

20. In the previous Workers' Compensation proceeding, Defendants knew that Plaintiff Li sustains permanent disability under the workers' compensation evaluation. Defendants were under the impression that the disability limits or substantially limits Plaintiff's major life activities, such as performing manual tasks and working. Plaintiff's medical restriction limits Plaintiff from lifting or carrying any item more than twenty-five (25) pounds.

21. Plaintiff Li alleges that Defendants failed to engage in an interactive process at all and failed to provide any reasonable accommodation. Plaintiff Li was able to work with

**VERIFIED COMPLAINT FOR DAMAGES**

or without accommodation because Plaintiff's previous position rarely required him to lift object with more than twenty-five (25) pounds. Plaintiff Li further alleges that there were vacant positions available, and that Defendant failed to consider restructuring job duties, extended leave, or reduction to part-time status as accommodation.

22. Plaintiff Li further alleges that Defendant indicated on Division of Workers' Compensation form RU-91 that Plaintiff Li's previous position does not involve any lifting or carrying over 25 pounds. Plaintiff could have worked as a warehouse worker or at any other administrative position with or without accommodation. Plaintiff Li alleges that he was discriminatorily terminated based on actual and perceived physical disability which limits or substantially limits his major life activities.

23. Plaintiff further alleges that he was discriminated based on associating with his wife, Sophia Zhang, who suffered permanent disabilities while she performed work for Defendants.

24. From January 2006 to May 2006, Ms. Zhang accumulated injuries from moving boxes of merchandises. Plaintiff was afraid of retaliation for filing a workers' compensation claim due to Defendants' threats against other co-workers for filing such claims. Ms. Zhang eventually sustained injuries to her back, neck, and shoulder.

25. In May 2006, Ms. Zhang reported her claims for workers' compensation insurance, but her claims were ultimately denied. Ms. Zhang then retained the Law Offices of Telleria & Telleria LLP to proceed with her workers' compensation claims. Plaintiff

secured an Order Approving Compromise & Release from the California Workers'

Compensation Appeals Board with a settlement award.

26.   On April 6, 2010, Defendants, through their Human Resource Manager, Vincent

Chou, denied Ms. Zhang's reinstatement of job for the sole reason that the Return to

Work Certification did not indicate that the physical restriction was temporary or

permanent.  Defendants at all times knew that Ms. Zhang sustained permanent

disability based on the previous on the job injury.

27.   Ms. Zhang then re-submitted another Return to Work Certification with permanent

restriction for lifting over twenty pounds on May 3, 2010.  Previously, Ms. Zhang

also filed an accommodation request on April 6, 2010.

28.   On July 8, 2010, Ms. Zhang received three letters denying reinstatement of Plaintiff's

position.  Defendant denied the accommodation requests and terminated Ms. Zhang's

employment because employees in the Order Processing Center and General

Administration Center need to lift over fifty pounds.

29.   Ms. Zhang's previous position never required Ms. Zhang to lift over twenty pounds.

Ms. Zhang alleges that the fifty pounds lifting requirement is a pretext for disability

discrimination because many female employees without on-the-job injuries could

hardly lift over fifty pounds.

30.   Both Plaintiff and Ms. Zhang immediately contacted Vincent Chou.  Plaintiff and Ms.

Zhang told Mr. Chou that Defendants' termination constitutes illegal discrimination,

but Mr. Chou said that it was the decision of upper management and he could not do

anything.

VERIFIED COMPLAINT FOR DAMAGES

31. Plaintiff further alleges that he was discriminated by associating with his wife, Ms. Zhang. Before Ms. Zhang took workers' compensation leave, Human Resource managers, Vincent Chou and Kyle Li, told Ms. Zhang that she should not file workers compensation claims because "even strangers in the market would follow you and put you under surveillance, and you will never be able to find a job." Plaintiff alleges that Defendants, through their mangers, made direct discriminatory remarks based on Ms. Zhang's disability.

32. The manager personnel also informed Plaintiff that if Ms. Zhang does not come back to work without claiming workers' compensation, Plaintiff will not be allowed to go back to work. Ms. Zhang was terminated on November 23, 2009.

33. Plaintiff alleges that Defendants engaged in systemic disability discrimination and failed to engage in the interactive process in good faith. Before and after Plaintiff's termination, Defendants had many vacant positions open which could have accommodated Plaintiff.

34. Plaintiff alleges that he is a qualified individual and could work with or without accommodation under the American with Disabilities Act and the California Fair Employment Housing Act. Accommodation requests will not cause undue hardship or threat of danger to Defendants as Defendants employed more than five hundred employees.

35. Plaintiff further alleges that Defendants never explained why Plaintiff could not be reinstated to his original position. Defendants failed to provide reasonable accommodation and discriminated Plaintiff based on Plaintiff's actual and perceived disability.

8
VERIFIED COMPLAINT FOR DAMAGES

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Plaintiff was officially terminated on June 22, 2010, Plaintiff timely filed his administrative complaint with the U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") on July 29, 2010, which cross-filed with the California Department of Fair Employment and Housing Commission (hereinafter, "DFEH"). In the DFEH's right-to-sue notice deferring to EEOC's investigation, the statute of limitation is tolled pursuant to Cal. Gov. Code 12965 (d)(1) pending the EEOC investigation. EEOC completed the investigation and issued a right-to-sue notice on September 24, 2012. Plaintiff has timely commenced the civil action within 90 days of the right-to-sue notice.

37. Plaintiff further alleges that the statute of limitation is equitably tolled due to the representation of the on-going EEOC investigations. Plaintiff diligently pursued his claims and maintained constant contact with EEOC investigators. Plaintiff was misinformed or misled by the administrative agency for processing his charges, and Plaintiff relied on misinformation or misrepresentation of EEOC that he did not need to include factual statement for failure to accommodate, failure to engage in interactive process, and discrimination by association. Plaintiff was acting in *pro se* at the time of filing the administrative complaints.

38. Plaintiff further alleges that all of the causes of action are alike and reasonably related. The gist of the case is Plaintiff's permanent disabilities resulting from his workplace injuries. The proximity of Plaintiff's disability and Ms. Zhang's disability is very close, and Defendants were on notice of their permanent disabilities and their relationship as husband and wife. Defendants were also on notice of the charges filed

with EEOC and DFEH.  The perpetrators worked for both Defendants, and all of the

events and Defendants shared the same location.

39.    Plaintiff further alleges that unnamed Defendant, Magnell Associate, Inc., on the

administrative complaint is liable for all of the causes of actions.  MAGNELL in

involved as a decision maker and at all time paid the wages to Plaintiff.  MAGNELL

should have anticipated that the Claimant would name the defendant for any actions

brought under Americans with Disabilities Act, and FEHA.  The respondent named in

the EEOC charge was a principal or agent of MAGNELL and both Defendants are

substantially identical parties.  MAGNELL had notice of the EEOC conciliation

efforts and participated in the proceeding on behalf of the other Defendants.

### FIRST CAUSE OF ACTION
Violations of Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213
(Against All Defendants)

40.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39, above.

41.    Defendants and each of them, engaged, suffered, permitted, and terminated Plaintiff's

employment and were at all time joint employers of Plaintiff.  Plaintiff received

paychecks from Defendant Magnell and was terminated by Defendant Newegg.

42.    Plaintiff suffered work-related injuries and is a member of the protected class based

on disabilities.  Plaintiff was qualified to perform his duties as a warehouse worker.

Plaintiff was terminated for his disabilities and Defendants discriminated Plaintiff

based on actual and perceived disability because Defendants told Plaintiff to

completely recover from his permanent disabilities before he can return to work.

10
**VERIFIED COMPLAINT FOR DAMAGES**

43.   Defendants have knowledge of Plaintiff's disabilities.  Plaintiff alleges that he was a qualified individual under the ADA because he could work with or without accommodation for any manual task or lifting less than twenty-five pounds. Plaintiff's job requirement did not exceed Plaintiff's physical limitations and Plaintiff possessed the requisite skills and is capable of performing essential function of the job.

44.   Plaintiff suffered permanent disabilities pursuant to paragraph 10 of this Complaint. Plaintiff was also discriminated for being regarded and perceived as disabled. Defendants subjectively believe that Plaintiff is substantially limited or limited in major life activities because Defendants required Plaintiff to completely recover before Plaintiff could go back to work.

45.   Defendants' perceived limitations or substantial limitations of Plaintiff's including but not limited to, unable to perform manual tasks for long time, unable to life over twenty-five pounds, unable to raise his arms for long time with limited range, episodic pain, and unable to work at all under 42 U.S.C. 12102(3)(A).  The major life activities including but not limited to, performing manual tasks, lifting, bending, and working, and musculoskeletal body function.

46.   Defendants also refused to provide reasonable accommodation.  Defendants' reason that there was no position available was a pretext for disability discrimination. Defendant also used pretextual reason to Plaintiff's wife that she needs to be able to lift over fifty (50) pounds.  Before Plaintiff and his wife were disabled, they were not required to life over fifty pounds and the job position does not require it.

47. Plaintiff was discriminatorily terminated and he was harmed, and Defendants' discriminatory conduct based on Plaintiff's disability was a substantial factor in causing Plaintiff's harm.

48. Plaintiff further alleges that he was discriminated by associating himself with his wife who also suffered permanent disabilities. Ms. Zhang is a qualified individual with disabilities and she was regarded as having limitations to perform manual tasks, lifting, and working by Defendants. Defendants perceived Ms. Zhang as permanently disabled and told Plaintiff that he would be terminated just like his wife.

49. Plaintiff further alleges that Defendants maliciously terminated Plaintiff's employment and refused to provide accommodation. Defendant's conduct also constitutes oppression.

### SECOND CAUSE OF ACTION
Disability Discrimination, Cal. Gov. Code §12940(a)
(Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 49, above.

51. Defendants and each of them, engaged, suffered, permitted, and terminated Plaintiff's employment and were at all time joint employers of Plaintiff. Plaintiff received paychecks from Magnell Associates, Inc. and was terminated by Defendant Newegg.

52. Plaintiff was an employee of Defendants and applied for reasonable accommodation and reinstatement of his position after receiving Return to Work Certificates.

53. Defendants knew that Plaintiff had sustained permanent disabilities from previous on-the-job injuries that limited Plaintiff's major life activities, including the abilities to work, perform manual task, and lifting over twenty-five pounds.

54.  Plaintiff was able to perform the essential job duties with or without reasonable accommodation.  Defendants' documentation with the California Division of Workers' Compensation and Plaintiff's actual job duties do not involve lifting over twenty-five pounds.  Lifting over twenty-five pounds would either be a two-person task or with a machine.  Plaintiff was able to work in his previous position with or without accommodation.  Plaintiff alleges that Defendants' reasons for termination are pretext for disability discrimination.

55.  Defendants' perceived limitations or substantial limitations of Plaintiff's including but not limited to, unable to perform manual tasks for long time, unable to life over twenty-five pounds, unable to raise his arms for long time with limited range, episodic pain, and unable to work at all.  The major life activities including but not limited to, performing manual tasks, lifting, bending, and working, and musculoskeletal body function.

56.  Defendants, and each of them, terminated Plaintiff's employment following his request to return to work after workers' compensation leave.

57.  Plaintiff's actual and perceived physical disabilities from the previous on-the-job injuries were a motivating reason for the termination.

58.  Plaintiff was harmed, and Defendants' discriminatory conduct based on Plaintiff's disability was a substantial factor in causing Plaintiff's harm.

59.  Plaintiff further alleges that Defendants maliciously terminated Plaintiff's employment and refused to provide accommodation.  Defendant's conduct also constitutes oppression.

## THIRD CAUSE OF ACTION
### Failure to Accommodate, Cal. Gov. Code §12940(m)
#### (Against All Defendants)

60.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 59, above.

61.   Plaintiff was an employee of Defendants and applied for reasonable accommodation and reinstatement of his position.

62.   Defendants knew and perceived that Plaintiff had sustained permanent disability from previous on-the-job injuries that limited Plaintiff's major life activities, including the abilities to work, perform manual task, and lifting restrictions.

63.   Plaintiff was able to perform the essential job duties with reasonable accommodation for his medical restriction of not lifting over twenty-five pounds.  Defendants' documentation with the California Division of Workers' Compensation and Plaintiff's actual job duties do not involve lifting over twenty-five pounds.  Lifting over twenty-five pounds would either be a two-person tasks or with a machine.  Plaintiff was able to work in his previous position with or without accommodation.

64.   Defendants, and each of them, failed to provide reasonable accommodation for Plaintiff's actual and perceived disabilities.  Defendants simply denied Plaintiff's accommodation requests without considering modified job duties, part-time work, or extended medical leave.

65.   Plaintiff was harmed, and Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

66.   Plaintiff further alleges that Defendants maliciously refused to provide accommodation.  Defendant's conduct also constitutes oppression.

**VERIFIED COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION
Failure to Engage in Interactive Process, Cal. Gov. Code §12940(n)
(Against All Defendants)

67. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 66, above.

68. Plaintiff was an employee of Defendants and applied for reasonable accommodation and reinstatement of his position.

69. Plaintiff's permanent disabilities that prevented him from lifting over twenty-five pounds were known to Defendants, and each of them.

70. Plaintiff requested that Defendants make reasonable accommodation for the work restrictions so that they would be able to perform the essential job requirements. Based on Plaintiff's previous experience with his original position, he would be able to work with or without accommodation.

71. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made, so that they would be able to perform the essential job requirements.

72. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Defendants even used sham pretexts to terminate Plaintiff and his wife, Ms. Zhang.

73. Plaintiff was harmed and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chang-Jun Li demands judgment against Defendants as follows:

1. Economic, consequential, special, and general damages according to proof;

**VERIFIED COMPLAINT FOR DAMAGES**

2.      Compensatory damages for back pay including company benefits, in excess of in excess of $50,000 for Plaintiff, according to proof;

3.      Compensatory damages for front pay and future loss of wages with company benefits, in excess of $100,000 for Plaintiff, according to proof;

4.      Punitive damages in an amount appropriate to punish Defendants for their wrongful conduct, according to proof;

5.      For costs of suit and mandatory attorney's fees pursuant to California Code of Civil Procedure section 1021.5; California Government Code section 12965(b).

6.      Interest, including prejudgment interest, accrued on damages and penalties awarded to the maximum extent permitted by law, including under California Civil Code section 3287; and

7.      For such other and further relief as the court may deem just and proper.

Respectfully Submitted,

Date: December 13, 2012                    Law Offices of Ray Hsu

                                          _____

                                          Ray Hsu, Esq. (SBN 276412)
                                          Law Offices of Ray Hsu
                                          *Attorney for Plaintiff*

16
**VERIFIED COMPLAINT FOR DAMAGES**

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues for which they have a right to trial.

Respectfully Submitted,

Dated: December 13, 2012.

Ray Hsu (SBN 276412)
Law Offices of Ray Hsu
10 W. Bay State Street, No. 775
Alhambra, CA 91802
Telephone: 626-600-1086
Facsimile: 877-771-3407
*labor@rayhsulaw.com*

Attorney for Plaintiff

17
**VERIFIED COMPLAINT FOR DAMAGES**

**VERIFICATION**

I, CHANG-JUN LI, am a party to this action, and I have read the foregoing VERIFIED

COMPLAINT FOR DAMAGES and know its contents.   The matters stated in the VERIFIED

COMPLAINT FOR DAMAGES are true based on my own knowledge, except as to those

matters stated on information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed this 13th day of December 2012 at Alhambra, County of Los Angeles,

California.


CHANG-JUN LI

18
**VERIFIED COMPLAINT FOR DAMAGES**

12/17/2012

# Exhibit A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| Chang-Jun Li<br>1122 N. Euclid Avenue<br>Ontario, CA 91762 | From:  **Los Angeles District Office**<br>**255 E. Temple St. 4th**<br><br>**Los Angeles, CA 90012** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 480-2010-02133 | **Susan S. Ha,**<br>**Investigator** | | **(213) 894-1000** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Denise for for*                                   9/24/10

**Olophius E. Perry,**                         *(Date Mailed)*
**District Director**

cc:   Mira Wolff
       **Sr. Counsel – Litigation and Employment**
       Newegg, Inc.
       16839 E. Gale Ave.
       City of Industry, CA 91745

# CHARGE OF DISCRIMINATION

...s form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presen... To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2010-02133 |

**California Department Of Fair Employment & Housing** and EEOC

State or local Agency, if any

| ...me (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Chang-Jun Li** | **(626) 404-7390** | **05-03-1953** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1441 S Paso Real Avenue, Rowland Heights, CA 91748** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **NEWEGG INC.** | **Unknown** | **(626) 581-3244** |

| Street Address | City, State and ZIP Code |
|---|---|
| **16839 East Gale Avenue, City Of Industry, CA 91745** | |

RECEIVED

JUL 29 2010

EEOC/LADO

INTAKE

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02-08-2010** | **06-22-2010** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.    On 10/17/05, I was hired as a Warehouse Worker. I was on a work-related injury leave since about 5/26/06, on or about 2/8/10, I requested to return-to-work with limitation. I requested that I be assigned to other "lighter" duties that do not require any lifting. My request was denied and I was discharged on 6/22/10.

II.   Mr. Vincent Chou, Human Resources Manager, told me the reason for my discharge and denial of reasonable accommodation was because there are "no positions available" for which I am qualified to perform.

III.  I believe I was discriminated against based on my disability in violation of the Americans with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jul 29, 2010**   _[signature]_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |

STATE OF CALIFORNIA - State and Consumer Services Agency                                                                      ARNOLD SCHWARZENEGGER, Governor 

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

| | |
|---|---|
| ☐ H | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| ☐ C | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 |
| ☐ R/S | 1055 West Seventh Street,<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| ☐ M | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| ☐ E | 2000 "O" Street, Suite 120<br>Sacramento, CA 95811<br>(916) 445-5523 |
| ☐ D | 1350 Front Street, Suite 1063<br>San Diego, CA 92101<br>(619) 645-2681 |
| ☒ A | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 |
| ☐ G | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 |
| ☐ K | 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 |

Mr. Vincent Chou
Human Resources
Newegg, Inc
16839 East Gale Avenue
City of Industry, CA 91745

EEOC Number:
480-2010-02133

Case Name:
Chang-Jun Li

Date: 8/4/2010

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember:</u> This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN
Deputy Director, Employment

DFEH 200-03 (06/08)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ray Hsu (SBN 276412)<br>Law Offices of Ray Hsu<br>10 W. Bay State Street No. 775<br>Alhambra, CA 91802<br>TELEPHONE NO.: 626-600-1086    FAX NO.: 877-771-3407<br>ATTORNEY FOR *(Name)*: Plaintiff Chang-Jun Li | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>DEC 17 2012<br><br>JOHN A. CLARKE, CLERK<br>BY AMBER HAYES, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Chang-Jun Li v. Magnell Associate, Inc. and Newegg, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC497609** |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 4: Disability Discrimination, Failure to Accommodate, Interactive Process
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 13, 2012

Ray Hsu
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Chang-Jun Li v. Magnell Associate, Inc. et al. | CASE NUMBER  BC497609 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 6 ___ ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4



| SHORT TITLE: Chang-Jun Li v. Magnell Associate, Inc. et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Chang-Jun Li v. Magnell Associate, Inc. et al. | CASE NUMBER |
|---|---|

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Chang-Jun Li v. Magnell Associate, Inc. et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>NEWEGG, INC. AND MAGNELL ASSOCIATE, INC.<br>16839 E. GALE AVE<br>CITY OF INDUSTRY, CA 91745 |
|---|---|
| CITY:<br>City of Industry | STATE:<br>CA | ZIP CODE:<br>91745 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 13, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 4 of 4 |
|---|---|---|

| SHORT TITLE: Cheng-Jun Li v. Magnell Associate, Inc. et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: NEWEGG, INC. AND MAGNELL ASSOCIATE, INC. 18835 E. GALE AVE CITY OF INDUSTRY, CA 91748. |
|---|---|
| 1. 2. 3. 4. 5. 6. 7. 8. 9. 10. | |
| CITY: City of Industry | STATE: CA | ZIP CODE: 91748 |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 13, 2012

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 400 GAF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [✓] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
|---|---|
| Chang-Jun Li | Newegg Inc. and Magnell Associate Inc. |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ray Hsu<br>LAW OFFICES OF RAY HSU<br>10 West Bay State Street, No. 775<br>Alhambra, California 91802<br>626.600.1802 | Jack S. Sholkoff<br>Vicky H. Lin<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART<br>400 South Hope Street, Suite 1200<br>Los Angeles, California  90071<br>213.239.9800 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☒ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

(1) Violation of Americans with Disabilities Act, 42 USC 12101-12213, (2) Disability Discrimination, Cal. Gov. Code 12940(a), (3) Failure to Accommodate, Cal. Gov Code 12940(m), (4) Failure to Engage in Interactive Process, Cal. Gov Code 12940(n)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV13-00400

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles County |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date January 18, 2013

Vicky H. Lin

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |